| UNITED STATES BANKRUPTCY COURT District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Optim Energy, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>EnergyCo, LLC | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>c/o Competitive Power Ventures, Inc., 8403 Colesville Road, Ste 915<br>Silver Spring, MD<br>ZIP CODE 20910 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Montgomery County, MD | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)

- [x] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check **one** box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Optim Energy, LLC |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: See attached Schedule 1 | Case Number: | Date Filed: |
| District: District of Delaware | Relationship: | Judge: |

<table>
<tr>
<td>

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

</td>
<td>

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
    Signature of Attorney for Debtor(s)    (Date)

</td>
</tr>
</table>

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | Optim Energy, LLC |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney\***

X  */s/ Robert J. Dehney*
_____
Signature of Attorney for Debtor(s)
  Robert J. Dehney (DE Bar No. 3578)
Printed Name of Attorney for Debtor(s)
  Morris, Nichols, Arsht & Tunnell LLP
Firm Name

  1201 North Market Street, 16th Floor, P.O. Box 1347,
  Wilmington, DE 19899-1347
Address
  (302) 658-9200
Telephone Number
  02/12/2014
Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  */s/ Nick Rahn*
_____
Signature of Authorized Individual
  Nick Rahn
Printed Name of Authorized Individual
  Chief Executive Officer
Title of Authorized Individual
  02/12/2014
Date

_____
Address

X _____
    Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Optim Energy, LLC, *et. al.,*[1] | Case No. 14-[_____] (____) |
| Debtors. | Joint Administration Requested |

**EXHIBIT C TO VOLUNTARY PETITION**

      1.    Identify and briefly describe all real or personal property owned by, or in possession of, the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- None.

      2.    With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary).

- N/A

---

[1] The Debtors in these chapter 11 cases are: Optim Energy, LLC; OEM 1, LLC; Optim Energy Cedar Bayou 4, LLC; Optim Energy Altura Cogen, LLC; Optim Energy Marketing, LLC; Optim Energy Generation, LLC; Optim Energy Twin Oaks GP, LLC; Optim Energy Twin Oaks, LP. The Debtors' main corporate and mailing address for purposes of these chapter 11 cases is: c/o Competitive Power Ventures, Inc., 8403 Colesville Road, Suite 915, Silver Spring, MD 20910.

**Schedule 1**

<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On February 12, 2014, each of the entities listed below filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of Optim Energy, LLC.

- Optim Energy, LLC
- Optim Energy Marketing, LLC
- OEM 1, LLC
- Optim Energy Cedar Bayou 4, LLC
- Optim Energy Generation, LLC
- Optim Energy Twin Oaks GP, LLC
- Optim Energy Altura Cogen, LLC
- Optim Energy Twin Oaks, LP

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Optim Energy, LLC, | Case No. 14-[_____] (____) |
| Debtor. | Joint Administration Requested |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| ECJV Holdings, LLC | 100% |

**DECLARATION UNDER PENALTY OF PERJURY**

I, Nick Rahn, the undersigned authorized signatory of Optim Energy, LLC named as the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: February 12, 2014

/s/ *Nick Rahn*
_____
Nick Rahn
Authorized Representative

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Optim Energy, LLC, | Case No. 14-[_____] (____) |
| Debtor. | Joint Administration Requested |

**LIST OF EQUITY SECURITY HOLDERS**

| Debtor | Equity Holder | Address of Equity Holder | Number of Shares or Units Held / Percentage of Equity Held |
|---|---|---|---|
| Optim Energy, LLC | ECJV Holdings, LLC[1] | 2365 Carillon Point Kirkland, WA 98033 | 100% |

I, Nick Rahn, the undersigned signatory of Optim Energy, LLC, named as a debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: February 12, 2014

/s/ *Nick Rahn*
Nick Rahn
Authorized Representative

---

[1] Cascade Investment, L.L.C. owns 100% of the interests in ECJV Holdings, LLC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Optim Energy, LLC, | Case No. 14-[_____] (_____) |
| Debtor. | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## THE 30 LARGEST UNSECURED CLAIMS

Optim Energy, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The following is the consolidated list of the Debtors' creditors holding the 30 largest unsecured claims (the "***Consolidated List***") based on the Debtors' books and records as of February 12, 2014. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. §101 or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims on a consolidated basis. None of these creditors is a minor child. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

In re Optim Energy, LLC et al.

Top 30 Creditors as of February 12, 2014

| | Name of Creditor | Name, fax number,and complete mailing address (including zip code) of employee, agents or department of creditor familiar with claim who may be contacted | Nature of claim (bond debt, trade debt, bank loan, government contracts, etc.) | Amount (See FN 1) |
|---|---|---|---|---|
| 1. | Wells Fargo Bank, N.A. | Wells Fargo Bank, N.A. 205 108th Avenue NE Ste 600 Kirkland, WA  98004 Fax: 425-450-8033 | Bank Loan | $712,530,426.39 |
| 2. | Walnut Creek Mining Company | Walnut Creek Mining Company 3555 Farnam St Omaha, NE  68131-3302 Fax: 254-746-7795 | Trade Debt | $5,446,579.04 |
| 3. | Cascade Investment, LLC | Cascade Investment, LLC 2365 Carillon Point Kirkland, WA  98033 Fax: 425-803-0459 | Guaranty Fees | $1,934,108.34 |
| 4. | AFCO Insurance Premium Finance | AFCO Insurance Premium Finance 4501 College Blvd Suite 320 Shawnee Mission, KS  66211-2328 Fax: 913-663-4951 | Trade Debt | $936,550.02 |
| 5. | Texas Commission on Environmental Quality | Texas Commission on Environmental Quality PO Box 13089 Austin, TX  78711-3089 Fax: 512-239-0371 | Regulatory Fees | $344,999.83 |
| 6. | Allied Power Group LLC | Allied Power Group LLC 10131 Mills Road Houston, TX  77070 Fax: 281-444-3529 | Trade Debt | $138,196.00 |
| 7. | Siemens Energy, Inc. | Siemens Energy, Inc. 4400 Alafaya Trail, MC-Q2196 Orlando, FL  32826 Fax: 407-243-0061 | Trade Debt | $135,115.99 |
| 8. | FL Smidth Airtech, Inc. | FL Smidth Airtech, Inc. P O Box 2630 Evans, GA  30809 Fax: 706-228-4310 | Trade Debt | $116,625.00 |
| 9. | Alstom Power, Inc. | Alstom Power, Inc. Box 200831 Pittsburgh, PA  15251-0831 Fax: 630-393-9618 | Trade Debt | $89,247.20 |
| 10. | Thorndike Landing, LLC | Thorndike Landing, LLC 2124 NE 18 Ave Wilton Manors, FL 33305 Fax: 202-204-5106 | Trade Debt | $76,800.00 |
| 11. | Reynolds Company | Reynolds Company P O Box 671344 Dallas, TX  75267-1344 Fax: 254-776-4718 | Trade Debt | $69,916.94 |
| 12. | ABB, Inc. | ABB, Inc. P O Box 532437 Atlanta, GA  30353-2437 Fax: 972-353-9262 | Trade Debt | $56,856.00 |
| 13. | Christensen Associates | Christensen Associates 2302 Skrabanek Road Danbury, TX  77534 | Trade Debt | $52,777.79 |
| 14. | Clyde Bergemann, Inc. | Clyde Bergemann, Inc. P.O. Box 932082 Atlanta, GA  31193-2082 Fax: 610-695-9724 | Trade Debt | $49,784.00 |
| 15. | 3 "B" Dozer Service | 3 "B" Dozer Service 2614 FM 2954 Bremond, TX  76629 Fax: 979-828-2133 | Trade Debt | $49,649.44 |
| 16. | Shrieve Chemical Co | Shrieve Chemical Co P O Box 671515 Dallas, TX  75267-1515 Fax: 281-367-0071 | Trade Debt | $42,159.57 |

**FN 1.  The Debtors reserve their rights to dispute the claims listed on this schedule on any basis.

In re Optim Energy, LLC et al.

Top 30 Creditors as of February 12, 2014

| | Name of Creditor | Name, fax number,and complete mailing address (including zip code) of employee, agents or department of creditor familiar with claim who may be contacted | Nature of claim (bond debt, trade debt, bank loan, government contracts, etc.) | Amount (See FN 1) |
|---|---|---|---|---|
| 17. | Frost Crushed Stone Co. Inc | Frost Crushed Stone Co. Inc<br>P O Box 272<br>Mexia, TX  76667<br>Fax: 254-587-3031 | Trade Debt | $34,718.59 |
| 18. | Praxair Distribution Inc | Praxair Distribution Inc<br>PO Box 120812<br>Dept 0812<br>Dallas, TX  75312-0812<br>Fax: 979-822-5316 | Trade Debt | $24,515.11 |
| 19. | Navasota Valley Electric Cooperative | Navasota Valley Electric Cooperative<br>P O Box 848<br>Franklin, TX  77856-0848<br>Fax: 979-828-5563 | Trade Debt | $23,600.19 |
| 20. | Ellison Steel, Inc. | Ellison Steel, Inc.<br>306 W Longbotham Dr<br>Groesbeck, TX  76642<br>Fax: 254-729-3591 | Trade Debt | $17,000.00 |
| 21. | Texas Alloys and Tool Company | Texas Alloys and Tool Company<br>4609 Fairlane Ave<br>Fort Worth, TX  76119<br>Fax: 817-534-9925 | Trade Debt | $15,190.07 |
| 22. | Headwaters Resources Inc | Headwaters Resources Inc<br>PO Box 843922<br>Dallas, TX  75284-3922<br>Fax: 801-984-9430 | Trade Debt | $14,396.67 |
| 23. | Firetrol Protection Systems | Firetrol Protection Systems<br>400 Garden Oaks<br>Houston, TX  77018<br>Fax: 713-343-1605 | Trade Debt | $12,275.90 |
| 24. | Chemical Lime Company | Chemical Lime Company<br>5274 Paysphere Cr<br>Chicago, IL  60674<br>Fax: 817-675-3182 | Trade Debt | $11,566.55 |
| 25. | Allied Waste Services #855 | Allied Waste Services #855<br>5301 Brookglen<br>Houston, TX  77017<br>Fax: 713-726-7398 | Trade Debt | $11,172.93 |
| 26. | Thyssen Krupp Robins, Inc. | Thyssen Krupp Robins, Inc.<br>7730 E. Belliview Ave. #404<br>Greenwood Village, CO  80111-2603<br>Fax: 303-770-8233 | Trade Debt | $10,642.43 |
| 27. | Pentair | Pentair<br>5500 Wayzata Boulevard<br>Suite 800<br>Minneapolis, MN 55416<br>Fax: 770-326-2989 | Trade Debt | $9,529.28 |
| 28. | Lobo Industrial Services LLC | Lobo Industrial Services LLC<br>6829 Quadstar Energy Services<br>Houston, TX  77087 | Trade Debt | $9,061.69 |
| 29. | Impact Fire Services | Impact Fire Services<br>214 Mid Tex Road<br>Lorena, TX  76655<br>Fax: 254-857-4924 | Trade Debt | $8,197.00 |
| 30. | Motion Industries, Inc. | Motion Industries, Inc.<br>1465 E Sam Houston Pwy<br>Suite 100<br>Pasadena, TX  77503<br>Fax: 254-772-1163 | Trade Debt | $8,188.21 |

**FN 1.  The Debtors reserve their rights to dispute the claims listed on this schedule on any basis.

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Nick Rahn, the duly qualified and elected Chief Executive Officer of Optim Energy, LLC, declare under penalty of perjury that I have reviewed the foregoing consolidated list of creditors holding the 30 largest unsecured claims and that it is true and correct to the best of my information and belief.

Dated: February 12, 2014                    /s/ *Nick Rahn*
                                            Nick Rahn
                                            Authorized Representative

# UNANIMOUS WRITTEN CONSENT
## OF THE SPECIAL COMMITTEE
## OF THE BOARD OF DIRECTORS
## OF
## OPTIM ENERGY, LLC

February 11, 2014 (the "<u>Effective Date</u>")

The undersigned, being all of the members of the Special Committee (the "***Special Committee***") of the Board of Directors (the "***Board***") of Optim Energy, LLC, a Delaware limited liability company (the "***Company***"), established pursuant to Sections 6.5 of the Company's Second Amended and Restated Limited Liability Company Agreement, dated as of November 5, 2012 (the "***LLC Agreement***"), in lieu of acting at a meeting of the Special Committee, hereby adopt the following resolutions (the "***Resolutions***") by written consent. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the LLC Agreement.

**WHEREAS**, the Board has delegated to the Special Committee the full and exclusive powers and authority of the Board to consider, and take any actions relating to, the matters set forth in these Resolutions; and

**WHEREAS**, the Special Committee reviewed and considered the materials presented by the Company's management team and the financial and legal advisors of the Company, including the presentations to the Board, which includes the members of the Special Committee, regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses; and

**WHEREAS**, the Special Committee has had an opportunity to consult with the Company's management team and financial and legal advisors to the Company and fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Company requires the consent of Cascade Investment, L.L.C. ("***Cascade***") to make further borrowings under the Company's existing credit facility and Cascade has denied the Company's request to permit further borrowings.

**I.    Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code**

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Special Committee, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company file, or cause to be filed, a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"); and it is

**RESOLVED FURTHER**, that the Chief Executive Officer or any other officer as designated by the Special Committee (collectively, the "***Authorized Officers***"), acting alone or with one or more other Authorized Officers, and the authorized representatives of Competitive Power Ventures, Inc., identified in Schedule 1 hereto, (the "***Asset Manager***" and, collectively with the Authorized Officers, the "***Authorized Representatives***") pursuant to that certain Asset

Management Agreement (the "**AMA**"), with power of delegation, be, and they hereby are, authorized to execute and file on behalf of the Company and its subsidiaries, all petitions, schedules, lists and other motions, papers or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's or its subsidiaries' businesses.

## II.    Debtor in Possession Financing

**NOW, THEREFORE, BE IT RESOLVED**, that the forms, terms and provisions of the Senior Secured Debtor in Possession Credit, Security and Guaranty Agreement dated as of February 12, 2014, by and among the Company and its subsidiaries who are signatories thereto (collectively, the "**Borrowers**").  Cascade, as the Lender (the "**DIP Lender**"), Wells Fargo Bank, National Association, as the Administrative Agent and the L/C Issuer, and the other financial institutions from time to time party to thereto (together with the DIP Lender, the "**DIP Facility Lenders**") (the "**DIP Facility Credit Agreement**"), which DIP Facility Credit Agreement (a) provides the Borrowers with a credit facility in the amount of up to $115,000,000 on a secured super priority basis, (b) provide for the proceeds therefrom to be used for the purposes set forth therein, which such purposes shall not be materially inconsistent with any budget provided to the DIP Facility Lenders, including certain postpetition operating expenses of administration of the Debtor's chapter 11 cases, in substantially the form summarized for the Special Committee, be, and the same hereby are in all respects approved, and any Authorized Representative is hereby authorized and empowered, in the name of and on behalf of the Company and its subsidiaries, to execute the DIP Facility Credit Document to which the Company or its subsidiaries are parties, each in the form or substantially in the form thereof submitted to the Special Committee, with such changes, additions and modifications thereto as the Authorized Representative executing the same shall approve, such approval to be conclusively evidenced by such Authorized Representative's execution and delivery thereof, and it is;

**RESOLVED FURTHER**, that the Company and its subsidiaries, as debtors and debtors in possession under the Bankruptcy Code shall be, and hereby are, authorized to incur all obligations incurred under the DIP Facility Credit Agreement (the "**DIP Obligations**") and undertake any and all related transactions contemplated thereby (collectively, the "**Financing Transactions**"); and it is

**RESOLVED FURTHER,** that Authorized Representatives be, and each of them, acting alone, hereby is authorized directed and empowered from time to time in the name and on behalf of the Company and its subsidiaries to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or its subsidiaries or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Facility Credit Agreement (including, without limitation, any amendments, supplements or modifications to the DIP Facility Credit Agreement and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company or its subsidiaries now or hereafter acquired as contemplated in the DIP Facility Agreement, with full authority to indorse, assign or guarantee any of the foregoing in the

name of the Company or its subsidiaries in each case, as any such Authorized Representative may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery therefor to be conclusive evidence that he or she deems is necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and it is

**RESOLVED FURTHER,** that the Authorized Representatives be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company and its subsidiaries, as debtors and debtors in possession, to take such actions and execute and deliver (a) the DIP Facility Credit Agreement and such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Representatives may deem necessary and appropriate to facilitate the financing transactions thereunder (collectively, the "***Financing Documents***"); (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Lender; and (c) such forms of deposit account control agreements and other agreements with third parties relating to the collateral (including without limitation, bank agency agreements, lockbox agreements, cash management agreements, landlord agreements and warehouse waivers), officer's certificates and compliance certificates as may be required by the DIP Facility Credit Agreement or any other Financing Document; and it is

**RESOLVED FURTHER**, that the Authorized Representatives be, and each of them hereby is, authorized and empowered to authorize the DIP Facility Lenders to file any Uniform Commercial Code (the "***UCC***") financing statements and any necessary assignments for security or other documents in the name of the Company and its subsidiaries that any DIP Facility Lender deems necessary or convenient to perfect any lien or security interest granted under the DIP Facility Credit Agreement, including any such UCC financing statement containing a supergeneric description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and its subsidiaries and such other filings in respect of intellectual and other property of the Company and its subsidiaries, in each case as the DIP Lender may reasonably request to perfect the security interests of the DIP Lender under the DIP Facility Credit Agreement; and it is

**RESOLVED FURTHER**, that each of the Authorized Representatives be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's and its subsidiaries' obligations under or in connection with the DIP Facility Credit Agreement or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is

**RESOLVED FURTHER**, that each of the Authorized Representatives be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP

Facility Credit Agreement or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable.

## III.    Retention of Professionals

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Representatives be, and they hereby are, authorized and directed to employ the law firm of Bracewell & Giuliani LLP, as bankruptcy counsel to represent and assist the Company and its subsidiaries in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations, including filing any pleadings and petitions for relief; and in connection therewith, the Authorized Representatives, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Bracewell & Giuliani LLP; and it is

**RESOLVED FURTHER**, that the Authorized Representatives be, and they hereby are, authorized and directed to employ the law firm of Morris, Nichols, Arsht & Tunnell LLP, as bankruptcy co-counsel to represent and assist the Company and its subsidiaries in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations, including filing any pleadings and petitions for relief; and in connection therewith, the Authorized Representatives, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Morris, Nichols, Arsht & Tunnell LLP; and it is

**RESOLVED FURTHER**, that the Authorized Representatives be, and they hereby are, authorized and directed to employ the firm of Protiviti Inc., as restructuring advisors to represent and assist the Company and its subsidiaries in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations; and in connection therewith, the Authorized Representatives, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Protiviti Inc.; and it is

**RESOLVED FURTHER**, that the Authorized Representatives be, and they hereby are, authorized and directed to employ the firm of Barclays Capital LLC, as financial advisors to represent and assist the Company and its subsidiaries in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations; and in connection therewith, the Authorized Representatives, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Barclays Capital LLC; and it is

**RESOLVED FURTHER**, that the Authorized Representatives be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC, as notice, claims and balloting agent to represent and assist the Company and its subsidiaries in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Authorized

Representatives, with power of delegation are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk LLC; and it is

**RESOLVED FURTHER**, that the Authorized Representatives be, and they hereby are, authorized and directed to employ any other professionals to assist the Company and its subsidiaries in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Representatives, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## IV.    Further Actions and Prior Actions

**NOW, THEREFORE, BE IT RESOLVED** that in addition to the specific authorizations heretofore conferred upon the Authorized Representatives, each of them, acting alone, hereby is authorized, directed and empowered, in the name of, and on behalf of, the Company and its subsidiaries, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such Authorized Representative's judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions; and it is

**RESOLVED FURTHER**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of, and on behalf, of the Company or its subsidiaries, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects confirmed, approved and ratified.

This consent may be executed in two or more counterparts, each of which shall be deemed an original and together constitute one and the same consent.

*[Signature page follows]*

**IN WITNESS WHEREOF**, the undersigned members of the Special Committee have executed this unanimous written consent as of the date first written above.

MEMBERS OF THE SPECIAL COMMITTEE

_____
Richard Fleming

_____
David Gibson

**IN WITNESS WHEREOF,** the undersigned members of the Special Committee have executed this unanimous written consent as of the date first written above.

MEMBERS OF THE SPECIAL COMMITTEE

_____
Richard Fleming

_____
David Gibson

*Signature Page to Optim Energy LLC Special Committee Unanimous Written Consent*

## **Schedule 1**

## **Authorized Representatives of the Asset Manager**

Nicholas R. Rahn