**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Optim Energy, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 14-10262 (BLS) |
| In re<br><br>Optim Energy Marketing, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 14-10263 (BLS) |
| In re<br><br>OEM 1, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 14-10264 (BLS) |
| In re<br><br>Optim Energy Cedar Bayou 4, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 14-10265 (BLS) |
| In re<br><br>Optim Energy Generation, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 14-10266 (BLS) |

| | |
|---|---|
| In re<br><br>Optim Energy Twin Oaks GP, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-10268 (BLS) |
| In re<br><br>Optim Energy Altura Cogen, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-10267 (BLS) |
| In re<br><br>Optim Energy Twin Oaks, LP,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-10269 (BLS) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Optim Energy, LLC and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*"), hereby move (the "*Motion*") for entry of an order directing joint administration of the above-captioned related chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors respectfully represent:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 1015(b) of the Federal Rules of Bankruptcy

2

Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## Background

4. The Debtors are power plant owners principally engaged in the production of energy in Texas' deregulated energy market through three power plants with an aggregate output of more than 1250 megawatts. The depressed and changing economic environment of the electric power industry—particularly with respect to coal-fired plants—and the Debtors' continuous liquidity constraints have culminated into aggregated and continuing losses requiring the Debtors to file voluntary petitions under the Bankruptcy Code on the date hereof (the "**Petition Date**").

5. The Debtors continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtors' cases.

6. A full description of the Debtors' business, corporate structure, prepetition indebtedness, and events leading to these chapter 11 cases is set forth in the *Declaration of Nick Rahn, Chief Executive Officer of Optim Energy, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), filed concurrently herewith and incorporated by reference.

## Relief Requested

7. By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A,** directing joint administration of the Debtors' chapter 11 cases for procedural purposes only. Specifically, the Debtors request that the Court maintain

one file and one docket for each of the Debtor's chapter 11 cases under the case of Optim Energy, LLC, and that the chapter 11 cases be administered under the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Optim Energy, LLC, *et al.*,[1] | Case No. 14-10262 (BLS) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases are: Optim Energy, LLC; OEM 1, LLC; Optim Energy Cedar Bayou 4, LLC; Optim Energy Altura Cogen, LLC; Optim Energy Marketing, LLC; Optim Energy Generation, LLC; Optim Energy Twin Oaks GP, LLC; Optim Energy Twin Oaks, LP. The Debtors' main corporate and mailing address for purposes of these chapter 11 cases is: c/o Competitive Power Ventures, Inc., 8403 Colesville Road, Suite 915, Silver Spring, MD 20910.

8. The Debtors also request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than the case of Optim Energy, LLC, to reflect the joint administration of the chapter 11 cases, substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of the following entities: Optim Energy, LLC; Optim Energy Marketing, LLC; OEM 1, LLC; Optim Energy Cedar Bayou 4, LLC; Optim Energy Generation, LLC; Optim Energy Twin Oaks GP, LLC; Optim Energy Altura Cogen, LLC; and Optim Energy Twin Oaks, LP. All further pleadings and other papers shall be filed in, and all other further docket entries shall be made in, Case No. 14 – 10262 (BLS).

9. The Debtors also request that if any of the chapter 11 cases are initially assigned to different judges, each of the chapter 11 cases be transferred to the judge to whom the lowest case number was assigned.

## Basis for Relief

10. As set forth in the First Day Declaration, Optim Energy, LLC is the direct or indirect parent of each of the other seven (7) Debtors. As a result, each of such seven Debtors is an "affiliate" of Optim Energy, LLC as such term is defined in the Bankruptcy Code. Additionally, because of the Debtors' interrelated businesses, each of the motions filed in the chapter 11 cases will implicate many, if not all, of the Debtors.

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f … two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bank. P. 1015(b). Section 101(2) of the Bankruptcy Code defines "affiliate" to include an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2)(A).

12. In addition, Local Rule 1015-1 provides that the Court may order joint administration of chapter 11 cases to ease the administrative burden on the Court and the parties involved:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not constitute a "substantive" consolidation of the respective debtors' estates.

Del. Bankr . L.R. 1015-1.[1]

13.     As disclosed in the First Day Declaration, the eight Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Specifically, Optim Energy, LLC directly or indirectly owns 100 percent of the outstanding voting securities of each of the other seven Debtors.  The Debtors also share significant debt obligations that they seek to restructure as part of these chapter 11 cases.  Accordingly, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules authorize the Court to grant the relief requested herein.

14.     Moreover, as set forth in the First Day Declaration, joint administration of the chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Each Debtor will be affected by most, if not all, of the motions, hearings and orders in these chapter 11 cases.  Thus, entry of an order directing joint administration of the chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration will also allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor the chapter 11 cases with greater ease and efficiency.

15.     The joint administration of these chapter 11 cases will not give rise to any conflict of interest among the Debtors' estates, nor will joint administration adversely affect the Debtors' respective constituencies because this motion requests (consistent with Local Rule 1015-1) only administrative, not substantive, consolidation of the Debtors' cases.  Parties in interest will not be harmed by the relief requested, as each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.  Indeed, all

---

[1]  Section 105(a) of the Bankruptcy Code, which states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" provides the Court with further power to grant the Debtors' requested relief.  11 U.S.C. §105(a).

creditors will benefit from the cost reductions associated with the joint administration of the chapter 11 cases. Accordingly, the Debtors submit that the joint administration of the chapter 11 cases is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

16. Courts in this jurisdiction have approved relief similar to the relief requested in this motion. *See, e.g.*, *In re Physiotherapy Holdings, Inc.*, No. 13-12965 (KG) (Bankr. D. Del. Nov. 14, 2013) (directing joint administration of chapter 11 cases); *In re Oncure Holdings, Inc.*, No. 13-11540 (KG) (Bankr. D. Del. June 18, 2013) (same); *In re Otelco Inc.*, No. 13-10593 (MFW) (Bankr. D. Del. Mar. 26, 2013) (same); *In re Conexant Sys., Inc.*, No. 13-10367 (MFW) (Bankr. D. Del. Mar. 1, 2013) (same); *In re Overseas Shipholding Group, Inc.*, No. 12-20000 (PJW) (Bankr. D. Del. Nov. 15, 2012) (same).

### **Notice**

17. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) Wells Fargo Bank, N.A., as prepetition unsecured lender; (d) counsel to Cascade Investment, L.L.C.; (e) counsel to ECJV Holdings, LLC; (f) the Delaware Secretary of State; (g) the Delaware Secretary of Treasury; (h) the Delaware Attorney General; (i) the Office of the United States Attorney General for the State of Delaware; and (j) the Internal Revenue Service. In light of the nature of the relief requested in this motion, the Debtors respectfully submit that no further notice is necessary.

## **No Prior Request**

18. No prior motion for relief requested herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank.*]

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: February 12, 2014
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNEL LLP**

/s/ *William M. Alleman, Jr.*
Robert J. Dehney (No. 3578)
William M. Alleman, Jr. (No. 5449)
Christopher M. Hayes (No. 5902)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@mnat.com
walleman@mnat.com
chayes@mnat.com

-and-

**BRACEWELL & GIULIANI LLP**

Kurt Mayr (*pro hac vice pending*)
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, Connecticut 06103
Telephone: (860) 947-9000
Facsimile: (860) 246-3201
Kurt.Mayr@bgllp.com
-and-
Robert G. Burns (*pro hac vice pending*)
1251 Avenue of Americas, 49th Floor
New York, New York 10020-1104
Telephone: (212) 508-6100
Facsimile: (800) 404-3970
Robert.Burns@bgllp.com

*Proposed Counsel For The Debtors And Debtors In Possession*