## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Optim Energy, LLC, *et al.*, | Case Nos: 14-10262-69 (BLS) |
| Debtors.[1] | (Jointly Administered) |

### GLOBAL NOTES AND STATEMENT OF
### LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING
### DEBTORS' SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS

Optim Energy, LLC ("***Optim Energy***") and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***," and together with the Schedules, the "***Schedules and Statements***") with the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), pursuant to section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

The Debtors submit these *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules and Statements of Financial Affairs* (the "***Global Notes***"), which pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

Optim Marketing, Optim Generation, OEM 1, and Twin Oaks GP are non-operating entities for which the Debtors do not prepare financial statements. Optim Energy Cedar Bayou 4, LLC ("***CB4***") owns a 50% undivided interest in an electric generation facility with NRG Cedar Bayou Development Company, LLC ("***NRG***") pursuant to the Amended and Restated Joint Ownership Agreement dated August 1, 2007. NRG and certain of its affiliates maintain and update certain aspects of the books and records of the underlying operations (i.e., inventory levels) on behalf of CB4.

---

[1] The Debtors in these chapter 11 cases are: Optim Energy, LLC; OEM 1, LLC ("***OEM 1***"); Optim Energy Cedar Bayou 4, LLC; Optim Energy Altura Cogen, LLC; Optim Energy Marketing, LLC ("***Optim Marketing***"); Optim Energy Generation, LLC ("***Optim Generation***"); Optim Energy Twin Oaks GP, LLC ("***Twin Oaks GP***"); Optim Energy Twin Oaks, LP ("***Twin Oaks***"). The Debtors' main corporate and mailing address for purposes of these chapter 11 cases is: c/o Competitive Power Ventures, Inc., 8403 Colesville Road, Suite 915, Silver Spring, MD 20910.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

Nick Rahn, Optim Energy's Chief Executive Officer, has signed each of the Schedules and Statements. Mr. Rahn is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Rahn necessarily has relied upon the efforts, statements, and representations of various personnel involved in the Debtors' businesses and their advisors. Mr. Rahn has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## <u>Global Notes and Overview of Methodology</u>

1.     **<u>Reservation of Rights.</u>** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not

"disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

2.      **Description of Cases and "As of" Information Date**.  On February 12, 2014 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On February 12, 2014, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Dkt. No. 27].  On February 27, 2014 the United States Trustee for the District of Delaware issued a statement that a statutory committee of unsecured creditors has not been appointed pursuant to section 1102(a)(1) of the Bankruptcy Code [Dkt. No. 109].

The asset and liability information provided herein represents the asset and liability data of the Debtors as of the Petition Date except as otherwise noted.  To timely close the books and records of the Debtors as of the Petition Date, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, as well as reported revenues and expenses.  Actual amounts could differ, including with respect to claims that have been satisfied or otherwise resolved since the Petition Date (including with respect to payments authorized by the Bankruptcy Court), and the Debtors reserve all rights to amend the reported amounts of assets, liabilities, revenues and expenses to reflect changes in those estimates and assumptions.

3.      **Net Book Value of Assets.**  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date.  Additionally, because the book values of assets such as licenses and permits may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date.

4.      **Recharacterization**. Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the

Debtors reserve all of their rights to re-characterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

5.     **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6.     **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of unliquidated assets and liabilities from the Schedules and Statements, including, without limitation, certain accruals, goodwill, and rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected.  In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding Claims on a post-petition basis. Prepetition liabilities which have been paid post-petition or those which the Debtors plan to pay via this authorization may have been excluded from the Schedules and Statements.

7.     **Insiders**. For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules and Statements, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

8.     **Executory Contracts**. Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.  Accordingly, the

Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

9.      **Classification.**  Listing a: (i) Claim on Schedule D as "secured," (ii) Claim on Schedule E as "priority," (iii) Claim on Schedule F as "general unsecured," or (iv) contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.  In addition, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize or redesignate Claims, assets, liabilities, executory contracts, unexpired leases and other items reported in the Schedules and Statements at a later time, as necessary or appropriate, as additional information becomes available.

10.     **Causes of Action.**  Despite their best efforts to identify all known assets, the Debtors may not have set forth in the Schedules and Statements all of their filed or potential claims and causes of actions against, and potential recoveries from, third parties or the values of any such claims.  The Debtors reserve all rights to assert any and all such claims and causes of action, whether or not listed in the Schedules and Statements, and nothing contained in these Global Notes, the Schedules or Statements shall constitute a waiver of any such claims or causes of action, or in any way prejudice or impair the assertion of such claims or causes of action.

11.     **Claims Description.**  Any failure to designate a Claim on the Schedules as "disputed," "contingent" and/or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" and/or "unliquidated."  The Debtors reserve their rights, except to the extent otherwise provided in the DIP and Cash Collateral Order [Dkt. No. 144], to: (i) dispute, or assert offsets or defenses to, any Claim reflected on the Schedules on any grounds, including, but not limited to, amount, liability, priority, status, description or classification, or (ii) amend the Schedules to add one or more of the above-referenced designations to any Claim.

        Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."  The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

12.     **Totals.**  All totals listed on the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."  To the extent that there are "unknown" or "undetermined" amounts, the actual total may be materially different than the listed total.

13.     **Limited Liability Companies.**  All of the Debtors except Twin Oaks are Limited Liability Companies.  For purposes of the portions of the Schedules and SoFAs that call for information from a debtor only if it is a corporation, all Debtors except Twin Oaks have provided information as if they were corporations.

14.     **Intercompany Transactions.**  The Schedules and Statements do not include transactions among the Debtors.  As more fully described under SoFA 3(b) and 3(c), these disclosures do not include transfers among the Debtors.  Further, any intercompany receivables or payables that

would result from such activity are not included on <u>Schedule B</u> as an asset or on <u>Schedule F</u> as a liability.

15.    **<u>Setoffs</u>**.  The Debtors periodically incur certain setoffs in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, refunds, negotiations and/or disputes between Debtors and their customers regarding regulatory or governmental impositions costs incurred by Debtors, and other disputes or agreements between the Debtors and their customers and/or suppliers.  These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

16.    **<u>Currency</u>**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17.    **<u>Global Notes Control</u>**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**<u>Specific Disclosures with Respect to the Debtors' Schedules of Assets and Liabilities</u>**

**Schedule A.**  For those Debtors that own real property, such owned real estate is reported at net book value.  The Debtors may have listed certain assets as real property when such assets are, in fact, personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. Buildings and land improvements are listed on <u>Schedule A</u> independent of whether the real property to which the building or land improvement is connected is Debtor-owned property.  The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

The Debtors have listed certain interests in real property, including easements and rights of way, on <u>Schedule A</u>.  These assets are listed at an "unknown" value as such interests do not carry a separate book value in the Debtors' general ledger system.  Due to the volume of real property interests, general descriptions for the location of underlying real properties are included for informational purposes only and do not necessarily describe the dimensions of an easement or right of way.  However, the Debtors have retained, and can make available, detailed land survey descriptions in appropriate circumstances and to appropriate parties.

**Schedule B.1 and B.2.**  Details with respect to the Debtors' cash management system and bank accounts are provided in the Debtors' Motion Authorizing the Debtors Continue to Operate Their Cash Management System [Dkt. No. 8].

**Schedule B.3.**  The Bankruptcy Court, pursuant to the Order Determining Adequate Assurance of Payment for Future Utility Services entered on March 4, 2014 [Dkt. No. 127], has authorized the Debtors to provide adequate assurance of payment for future utility services,

including an initial deposit in the amount of $58,305.  Such deposit is not listed on <u>Schedule B.3</u>, which was prepared as of the Petition Date.

**Schedule B.9.**  The Debtors pay their insurance premiums at the beginning of each policy year.  The book values of these prepayments, as of the Petition Date, are included on Optim Energy's <u>Schedule B.9</u>.  In addition, the Debtors finance certain of their insurance premium payments through AFCO Insurance Premium Finance; this liability is listed on each Debtor's <u>Schedule D</u>.  Additional information regarding the insurance policies listed on <u>Schedule B.9</u> is available in the Debtors' Motion to Maintain Prepetition Insurance Policies [Dkt. No. 10].

**Schedule B.13 and B.14.**  Interests in subsidiaries arise from stock ownership or from interests in partnerships.  The value of these investments are recorded as "unknown" on both <u>Schedule B.13</u> and <u>Schedule B.14</u> because the Debtors have either not obtained separate valuations for the owned entities or the book values differ substantially from the fair market values.

**Schedule B.18.**  The Debtors have entered into certain contracts and leases that require the Debtors to prepay fees and expenses before services have been rendered.  The book values of these prepayments, as of the Petition Date, are included on <u>Schedule B.18</u>.

**Schedule B.21.**  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter claims and/or cross-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on <u>Schedule B.21</u>.

**Schedule B.23.**  The licenses and permits listed on <u>Schedule B.23</u> are integral to the ongoing operation of the Debtors' power plant facilities; however, the Debtors cannot ascribe individual values to each license and permit.  For this reason, all assets listed on <u>Schedule B.23</u> have "unknown" values.

**Schedule B.28 and B.29.**  As indicated above, the Debtors do not have current appraisals or other valuations of their fixed assets and do not maintain fixed asset registers at asset level detail.  Accordingly, <u>Schedule B.28</u> and <u>Schedule B.29</u> include the aggregate net book value by fixed asset category as of the Petition Date.

**Schedule D.**  The Claims listed on <u>Schedule D</u> arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each Claim. All Claims listed on <u>Schedule D</u>, however, appear to have arisen or been incurred on or before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or

immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. If secured debt is jointly and severally the responsibility of multiple Debtors, the liability has been listed on Schedule D of the Debtor who is an obligor or guarantor of such debt.

The descriptions provided in Schedule D are solely intended to be a summary, and not an admission, of liability.  Reference to the applicable agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract.

**Schedule F.**  The Debtors have used commercially reasonable efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date.  The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same.

The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Determining the date upon which each Claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F. Furthermore, Claims listed on Schedule F have been aggregated by creditor and may include several dates of incurrence for the aggregate balance listed.  The Debtors have made every effort to allocate liabilities between the pre and postpetition periods based upon the information and research that was conducted in connection with the preparation of the Schedules and Statements.

As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  In addition, the Debtors believe there may be instances where vendors and/or other creditors have yet to provide proper invoices for prepetition goods or services.  Accordingly, the amounts shown on Schedule F may change.

**Schedule G.**  The Debtors have attempted to provide complete lists of all agreements that might be considered executory contracts.  The inclusion on Schedule G of any particular

agreement, contract or lease does not constitute an admission by the Debtors that such agreement, contract or lease is: (i) an executory contract under the Bankruptcy Code, (ii) valid and enforceable, or (iii) severable or unified. The Debtors reserve all rights with respect to such agreements, contracts or leases, including without limitation, the right to seek or contest any re-characterization of any such agreement, contract or lease on any available basis.

In some cases, the same contract party appears multiple times on Schedule G. The multiple listings reflect distinct agreements between the applicable Debtor and such contract party. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein.

The Debtors reserve all of their rights, claims, and Causes of Action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In the normal course of business, the Debtors utilize purchase orders in order to obtain goods from various vendors. Due to the brief time periods involved with purchased orders and the volume and frequency of these transactions, individual purchase orders that were active as of the Petition Date are not listed in Schedule G. The Debtors reserve all rights as to active purchase orders as of the Petition Date.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Specific Disclosures with Respect to the Debtors' Statements of Financial Affairs**

**Statement 1.** Debtor business income is recorded as gross receipts before subtraction for any expenses and/or deductions related thereto.

**Statement 3(b).** Statement 3(b) includes any disbursement or other transfer made by the Debtors except for those made to insiders (see Statement 3(c)) and bankruptcy professionals (see Statement 9). The amounts listed in Statement 3(b) reflect the Debtors' disbursements at a check/wire level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3(b). All disbursements listed on Statement 3(b) are

9

made through the Debtors' cash management system. Additionally, all disbursement information reported in Statement 3(b) for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

**Statement 3(c).** As described in the Cash Management Motion, all cash receipts are deposited into an Optim Energy bank account. Funds are transferred on an as needed basis from Optim Energy to the other Debtors for distribution to vendors. These intercompany transfers are not included on Statement 3(c) and the resulting disbursements only appear on Statement 3(b) or Statement 3(c) of the Debtor that remitted payment, as applicable.

Please note that some of the Debtors' Statements do not include an exhibit to Statement 3(b) and/or Statement 3(c). All such instances are because the respective Debtor had no disbursements, including payments made by non-Debtor affiliates on behalf of the respective Debtor, to creditors or insiders during the applicable reporting time period.

**Statement 4(a).** Information provided in Statement 4(a) includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum.

**Statement (8).** The Debtors may occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement 19(d).** The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19(d).

**Statement 22(b).** Since the Petition Date, the Board of Directors of Optim Energy, in accordance with the DIP Facility and with the consent of the DIP Lenders (as defined therein), have appointed Joseph Bondi as an additional Independent Director of Optim Energy.

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
### District of Delaware

In re   **Optim Energy, LLC**   ,     Case No.  **14-10262**

Debtor          Chapter    **11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 5 | 6,948,418.71 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 716,496,895.49 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 64,555.47 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 13 | | | |
| Total Assets | | | 6,948,418.71 | | |
| Total Liabilities | | | | 716,561,450.96 | |

B6A (Official Form 6A) (12/07)

In re  **Optim Energy, LLC**                                                , Case No.  **14-10262**
_____
                          Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | | |
|---|---|---|---|
| | Sub-Total > | **0.00** | (Total of this page) |
| | Total > | **0.00** | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re **Optim Energy, LLC** ,    Case No. __14-10262__
_____
Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Wells Fargo Bank, N.A. Depository Account x5275 205 108th Avenue NE, Ste 600 Kirkland, WA 98004** | - | 0.00 |
| | | **Wells Fargo Bank, N.A. Sweep Investment Account x5275 205 108th Avenue NE, Ste 600 Kirkland, WA 98004** | - | 5,851,669.25 |
| | | **Wells Fargo Bank, N.A. Checking Account x3619 205 108th Avenue NE, Ste 600 Kirkland, WA 98004** | - | 47,585.21 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **National Union Fire Insurance Company Type of Coverage: Crime Policy No. 02-829-27-91** | - | 8,489.11 |

Sub-Total >    5,907,743.57
(Total of this page)

__4__ continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Optim Energy, LLC**                                        ,    Case No.    **14-10262**
_____
                                   Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Hartford Casualty Insurance Company<br>Type of Coverage: Excess Crime<br>Policy No. 00 FA 0251286 13 | - | 4,838.68 |
| | | Factory Mutual Insurance Company<br>Type of Coverage: Property<br>Policy No. UC303 | - | 717,993.97 |
| | | Zurich American Insurance Company<br>Type of Coverage: General Liability<br>Policy No. GLO 5471881-01 | - | 20,117.26 |
| | | Associated Electric & Gas Insurance Services Ltd (AEGIS)<br>Type of Coverage: Primary Excess General Liability<br>Policy No. XL5115302P | - | 84,038.90 |
| | | Zurich American Insurance Company<br>Type of Coverage: Business Automobile<br>Policy No. BAP 5471879-01 | - | 5,167.27 |
| | | U.S. Specialty Insurance Company<br>Type of Coverage: Director, Officer and Organization Liability<br>Policy No. 14-MGU-13-A30190 | - | 37,711.06 |
| | | XL Specialty Insurance Company<br>Type of Coverage: Excess Director, Officer and Organization Liability<br>Policy No. ELU131376-13 | - | 22,305.56 |
| | | Energy Insurance Mutual Limited<br>Type of Coverage: Secondary Excess General Liability<br>Policy No. 252467-13GL | - | 28,103.25 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

Sub-Total >        **920,275.95**
(Total of this page)

Sheet __1__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re **Optim Energy, LLC** _____,    Case No. ___**14-10262**___
                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Optim Energy Marketing, LLC 100% Ownership Interest** | **-** | **Unknown** |
| | | **Optim Energy Generation, LLC 100% Ownership Interest** | **-** | **Unknown** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Platts Prepaid Fee P.O. Box 848093 Dallas, TX 75284** | **-** | **270.94** |
| | | **Blytheco LLC Prepaid Fee 23161 Mill Creek Drive Suite 200 Laguna Hills, CA 92653** | **-** | **1,404.80** |
| | | **Mostardi Platt Prepaid Fee 888 Industrial Drive Elmhurst, IL 60126** | **-** | **1,767.85** |
| | | **Lockton Companies, LLC Prepaid Insurance Broker Fee 717 N. Harwood, Suite 2500 Dallas, TX 75201** | **-** | **101,651.79** |
| | | **Pattern Recognition Technology Prepaid Fee 2400 Dallas Parkway Suite 535 Plano, TX 75093** | **-** | **5,303.57** |
| | | Sub-Total > (Total of this page) | | **110,398.95** |

Sheet __**2**__ of __**4**__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Optim Energy, LLC**                                                    ,   Case No.   **14-10262**
                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **ICE Data**<br>**Prepaid Fee**<br>**P.O. Box 933265**<br>**Atlanta, GA 31193** | - | **10,000.24** |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | **Trademark for Optim Energy Logo**<br>**United States Patent and Trademark Office**<br>**Registration No. 3,764,764** | - | **Unknown** |
| | | **Trademark for Optim Energy Logo**<br>**United States Patent and Trademark Office**<br>**Registration No. 3,764,765** | - | **Unknown** |
| | | **Trademark for Optim Energy Slogan**<br>**"Turning Energy Into Opportunity"**<br>**United States Patent and Trademark Office**<br>**Registration No. 3,764,879** | - | **Unknown** |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |

Sub-Total >          **10,000.24**
(Total of this page)

Sheet   **3**   of   **4**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Optim Energy, LLC**                                                  ,    Case No.    **14-10262**
Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >         **0.00**
(Total of this page)
Total >    **6,948,418.71**

Sheet __4__ of __4__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re    **Optim Energy, LLC**                                ,    Case No.    __14-10262__
_____
Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. | | | | | June 1, 2013 | | | | | |
| **AFCO Insurance Premium Finance** **4501 College Blvd** **Suite 320** **Shawnee Mission, KS 66211** | - | | | | Insurance Premium Financing Lien on Unearned Insurance Premiums | X | | | | |
| | | | | | Value $            **Unknown** | | | | **705,146.70** | **Unknown** |
| Account No. | | | | | June 1, 2007 | | | | | |
| **Cascade Investment, LLC** **ECJV Holdings, LLC** **2365 Carillon Point** **Kirkland, WA 98033** | - | | | | Guaranty Reimbursement Agreement Lien on substantially all of the Debtor's assets | | X | | | |
| | | | | | Value $            **Unknown** | | | | **715,791,748.79** *** | **Unknown** |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |

__0__    continuation sheets attached

\*** The claim is comprised of: (a) approximately $715.4 million on account of funded debt, which the Debtors do not dispute and do not regard as unliquidated; and (b) approximately $0.4 million of obligations under the agreements, which is unliquidated and has not been fully calculated at this time.

Subtotal
(Total of this page)    **716,496,895.49**    **0.00**

Total
(Report on Summary of Schedules)    **716,496,895.49**    **0.00**

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

B6E (Official Form 6E) (4/13)

In re   **Optim Energy, LLC**                                                                    ,   Case No. __**14-10262**__
                                            Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

__0__   continuation sheets attached

B6F (Official Form 6F) (12/07)

In re    **Optim Energy, LLC**                                        ,        Case No.    **14-10262**
_____
                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**AppRiver**<br>**1101 Gulf Breeze Parkway**<br>**Suite 200**<br>**Gulf Breeze, FL 32561** | - | | **Various**<br>**Trade Payable** | | | | 488.24 |
| Account No.<br><br>**Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | - | | **Various**<br>**Management Fees** | X | X | | 62,675.60 |
| Account No.<br><br>**Hedge Trackers, LLC**<br>**PO Box 814**<br>**Penryn, CA 95663** | - | | **Various**<br>**Trade Payable** | | | | 1,272.00 |
| Account No.<br><br>**Iron Mountain, Inc.**<br>**PO Box 27128**<br>**New York, NY 10087** | - | | **Various**<br>**Trade Payable** | | | | 119.63 |

__**0**__ continuation sheets attached

| | Subtotal<br>(Total of this page) | 64,555.47 |
|---|---|---|
| | Total<br>(Report on Summary of Schedules) | 64,555.47 |

B6G (Official Form 6G) (12/07)

In re  **Optim Energy, LLC**                                              ,   Case No.    **14-10262**
                          Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **See Attached Schedule G** | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re   **Optim Energy, LLC**                                                 ,          Case No.    **14-10262**

                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **OEM 1, LLC**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **Cascade Investment, LLC**<br>**ECJV Holdings, LLC**<br>**2365 Carillon Point**<br>**Kirkland, WA 98033** |
| **OEM 1, LLC**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **AFCO Insurance Premium Finance**<br>**4501 College Blvd**<br>**Suite 320**<br>**Shawnee Mission, KS 66211** |
| **Optim Energy Altura Cogen, LLC**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **Cascade Investment, LLC**<br>**ECJV Holdings, LLC**<br>**2365 Carillon Point**<br>**Kirkland, WA 98033** |
| **Optim Energy Altura Cogen, LLC**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **AFCO Insurance Premium Finance**<br>**4501 College Blvd**<br>**Suite 320**<br>**Shawnee Mission, KS 66211** |
| **Optim Energy Cedar Bayou 4, LLC**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **Cascade Investment, LLC**<br>**ECJV Holdings, LLC**<br>**2365 Carillon Point**<br>**Kirkland, WA 98033** |
| **Optim Energy Cedar Bayou 4, LLC**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **AFCO Insurance Premium Finance**<br>**4501 College Blvd**<br>**Suite 320**<br>**Shawnee Mission, KS 66211** |
| **Optim Energy Generation, LLC**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **Cascade Investment, LLC**<br>**ECJV Holdings, LLC**<br>**2365 Carillon Point**<br>**Kirkland, WA 98033** |
| **Optim Energy Generation, LLC**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **AFCO Insurance Premium Finance**<br>**4501 College Blvd**<br>**Suite 320**<br>**Shawnee Mission, KS 66211** |

____ continuation sheets attached to Schedule of Codebtors

1

In re    **Optim Energy, LLC** _____,    Case No. ___**14-10262**___
                                    Debtor

# SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Optim Energy Marketing, LLC**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **Cascade Investment, LLC**<br>**ECJV Holdings, LLC**<br>**2365 Carillon Point**<br>**Kirkland, WA 98033** |
| **Optim Energy Marketing, LLC**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **AFCO Insurance Premium Finance**<br>**4501 College Blvd**<br>**Suite 320**<br>**Shawnee Mission, KS 66211** |
| **Optim Energy Twin Oaks GP, LLC**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **Cascade Investment, LLC**<br>**ECJV Holdings, LLC**<br>**2365 Carillon Point**<br>**Kirkland, WA 98033** |
| **Optim Energy Twin Oaks GP, LLC**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **AFCO Insurance Premium Finance**<br>**4501 College Blvd**<br>**Suite 320**<br>**Shawnee Mission, KS 66211** |
| **Optim Energy Twin Oaks, LP**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **Cascade Investment, LLC**<br>**ECJV Holdings, LLC**<br>**2365 Carillon Point**<br>**Kirkland, WA 98033** |
| **Optim Energy Twin Oaks, LP**<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road**<br>**Suite 915**<br>**Silver Spring, MD 20910** | **AFCO Insurance Premium Finance**<br>**4501 College Blvd**<br>**Suite 320**<br>**Shawnee Mission, KS 66211** |

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## District of Delaware

In re   **Optim Energy, LLC**

Debtor(s)

Case No.   **14-10262**

Chapter   **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

       I, the Chief Executive Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **14**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   4/14/14

Signature   *Nicholas Rahn*

**Nicholas Rahn**
**Chief Executive Officer**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§  152 and 3571.

Optim Energy, LLC
Case No. 14-10262
Schedule G - Executory Contracts and Unexpired Leases

| Name of Other Parties to Lease or Contract | Address | City | State | Zip | Agreement Type | Nature |
|---|---|---|---|---|---|---|
| AFCO Industries, Inc. | 4501 College Boulevard, Suite 320 | Shawnee Mission | KS | 66211 | Insurance Premium Finance Agreement | Borrower |
| AMEC E&C Services, Inc. | 1979 Lakeside Parkway, Suite 400 | Tucker | GA | 30084 | Master Services | Party |
| Anya H. McInnis | 2711 Quenby Avenue | Houston | TX | 77005 | Services | Party |
| Bentek Energy LLC | PO Box 173861 | Denver | CO | 80217- | Services (agreement dated 1/31/07 assigned to Optim | Party |
| Black & Veatch Corp. | P O Box 803823 | Kansas City | MO | 64180- | Consulting Services | Party |
| Bloomberg Government | 731 Lexington Avenue | New York | NY | 10022 | Services | Party |
| Blytheco, LLC | 23161 Mill Creek Drive, Suite 200 | Laguna Hills | CA | 92653 | Master Services and Consulting | Party |
| Boon-Chapman Benefit Administrators, Inc. | 9401 Amberglen Boulevard | Austin | TX | 78729 | Administrative Services | Party |
| Capitol HealthCare Review, Inc. dba Prime DX | 7600 Chevy Chase Drive, Suite 300 | Austin | TX | 78752- | Utilization Management | Party |
| Competitive Power Ventures, Inc. | 8403 Colesville Road, Suite 915 | Silver Spring | MD | 20910 | Asset Management | Party |
| Competitive Power Ventures, Inc. | 8403 Colesville Road, Suite 915 | Silver Spring | MD | 20910 | 1st Amendment to Asset Management Agreement | Party |
| Competitive Power Ventures, Inc. | 8403 Colesville Road, Suite 915 | Silver Spring | MD | 20910 | 2nd Amendment to Asset Management Agreement | Party |
| CRA International, Inc. | 1201 F Street NW, Suite 700 | Washington | DC | 20004 | Services | Party |
| Dallas Series of Lockton Companies, LLC | 717 N Harwood Street, Suite 2500 | Dallas | TX | 75201 | Insurance | Party |
| David Gibson (DG Management Advisors, LLC) | DG Management Advisors, LLC | Short Hills | NJ | 07078 | Director | Party |
| Dynegy, Inc. | 601 Travis Street, Suite 1400 | Houston | TX | 77002 | Purchase and Sale | Party |
| Element Markets, LLC | 3555 Timmons Lane, Suite 900 | Houston | TX | 77027 | Carbon & Emissions Consulting | Party |
| First Choice Power Enterprises, Inc. | PO Box 901100 | Fort Worth | TX | 76101- | Services | Party |
| Genscape, Inc. | 445 East Market Street, Suite 200 | Louisville | KY | 40202 | Master License & Services | Licensee |
| Hill & Associates, Inc. | 44 Erdmann Lane | Wilton | CT | 06897 | Services | Party |
| Marsh USA, Inc. | 1166 Avenue of the Americas | New York | NY | 10011 | Insurance Consulting Services | Party |
| Mostardi Platt Associates, Inc. | 888 Industrial Drive | Elmhurst | IL | 60126 | Consulting Services | Party |
| Mostardi Platt Associates, Inc. | 888 Industrial Drive | Elmhurst | IL | 60126 | Change Order for Project Number M120409 | Party |
| Mr. Richard H. Fleming | 195 N Harbor Drive, Unit 2802 | Chicago | IL | 60601 | Director | Party |
| Nick Rahn | c/o Competitive Power Ventures, Inc. 8403 Colesville Road, Suite 915 | Silver Spring | MD | 20910 | Retention | Party |
| Nick Rahn | c/o Competitive Power Ventures, Inc. 8403 Colesville Road, Suite 915 | Silver Spring | MD | 20910 | Amendment No. 1 to Retention Agreement | Party |
| Nora Del Bosque | 7704 Chimney Corners | Austin | TX | 78731 | Consulting Services | Party |
| NRG Energy, Inc. | 1201 Fannin Street | Houston | TX | 77002 | Scheduling & Dispatch | Party |
| NRG Texas Power, Inc. | 1201 Fannin Street | Houston | TX | 77002 | Joint Ownership | Party |
| NRG Texas Power, Inc. | 1201 Fannin Street | Houston | TX | 77002 | 1st Amendment to Joint Ownership | Party |
| PIRA Energy Group, Inc. | 3 Park Avenue #26 | New York | NY | 10016 | License Agreement for Retainer Services | Licensee |
| PIRA Energy Group, Inc. | 3 Park Avenue #26 | New York | NY | 10016 | Commercial Finance | Party |
| Robert Warburton | 195 Dalton Road | Holliston | MA | 01746 | Consulting | Party |
| Robert Warburton | 195 Dalton Road | Holliston | MA | 01746 | Amendment to Consulting Agreement | Party |
| RPA Advisors, LLC | One Rockefeller Plaza, Suite 104 | New York | NY | 10020 | Consulting Services | Party |
| SGE IP Holdco, LLC | 1950 N Stemmons Freeway | Dallas | TX | 75207 | Co-Existence and Consent to Use | Party |
| SNL Financial, LLC | One SNL Plaza | Charlottesville | VA | 22902 | Master Subscription | Licensee |
| The Aldridge Company, Inc. | PO Box 56506 | Houston | TX | 77256 | Services | Party |
| Thorndale Landing, LLC | 2124 NE 18 Avenue | Wilton Manors | FL | 33305 | Engagement | Party |
| WCM Group, Inc. | PO Box 3247 | Humble | TX | 77347-3247 | Consulting Services | Party |
| WSI Corporation | 400 Minuteman Road | Andover | MA | 01810 | Services | Party |
| Zachry Engineering Corp. | 500 S Taylor Street Lobby Box 239 | Amarillo | TX | 79101 | Master Services | Party |